## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## UNITED STATES COACHWORKS, INC., Respondent.

### Docket No. 02–4176.

United States Court of Appeals, Second Circuit.

Dec. 20, 2002.

Jeffrey L. Horowitz, National Labor Relations Board (David Habenstreit, Super-

vising Attorney, Arthur F. Rosenfeld, General Counsel, John E. Higgins, Jr., Deputy General Counsel, John H. Ferguson, Associate General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, of counsel), Washington, D.C., for Petitioner.

Martin Gringer, Franklin & Gringer, P.C. (Joshua A. Marcus, of counsel), Garden City, New York, for Respondent.

Present KEARSE, SACK, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Petition to enforce the order of the National Labor Relations Board (Chairman Hurtgen, and Members Truesdale and Walsh).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for enforcement be, and it hereby is, GRANTED.

The National Labor Relations Board ("NLRB" or "Board") petitions for enforcement of its order, dated August 6, 2001, adopting the November 25, 1998 recommended order of Administrative Law Judge D. Barry Morris ("ALJ"), and concluding that respondent United States Coachworks, Inc. ("US Coachworks" or the "Company"), a limousine manufacturer, violated §§ 8(a)(1) and (3) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1) and (3), by denying overtime to its employee Robert Bauer, by discharging Bauer and its employee Steven Smith because of their union activity, and by creating an atmosphere of surveillance regarding union activity. The order directed U.S. Coachworks, *inter alia*, to reinstate Bauer and to compensate Bauer and Smith for any lost wages.

In opposing the NLRB's petition for enforcement, U.S. Coachworks argues that the Board erred in finding that Bauer and Smith were discharged because of their union activity. The Board, applying the *Wright Line* burden shifting test, *NLRB v. G & T Terminal Packaging Co.*, 246 F.3d 103, 116 (2d Cir.2001)(quoting *Wright Line v. Lamoureux*, 251 N.L.R.B. 1083, 1087, 1980 WL 12312 (1980)), affirmed the findings of the ALJ that Bauer and Smith's union activity was a motivating factor in their discharge and that the Company did not demonstrate by a preponderance of evidence that it would have reached the same decision absent the protected conduct. *United States Coachworks, Inc.*, 334 N.L.R.B. No. 118, 2001 WL 898919, at *2–*5, 2001 NLRB LEXIS 565, at *7–*18 (N.L.R.B. Aug. 6, 2001). Upon careful consideration of the record as a whole, we conclude that these findings are supported by substantial evidence, and that the Board's order must therefore be enforced. *NLRB v. Katz's Delicatessen of Houston St., Inc.*, 80 F.3d 755, 763 (2d Cir.1996).

US Coachworks also argues that the Board erred in ordering reinstatement of and backpay to Bauer. It contends that the Company established that Bauer engaged in unprofessional conduct for which the Company would have discharged any employee who engaged in it, and that therefore, according to NLRB precedent, Bauer did not deserve reinstatement or backpay. *Marshall Durbin Poultry Co.*, 310 N.L.R.B. 68, 70, 1993 WL 10363 (N.L.R.B.1993). But, as discussed above, the Board concluded that the Company failed to prove by a preponderance of evidence that the Company would have discharged Bauer for his unprofessional conduct in the absence of his union activity, and we conclude that this finding was supported by substantial evidence. We therefore conclude that the Board's order directing reinstatement of and backpay for Bauer was not in error.

For the foregoing reasons, the petition to enforce the order of the National Labor Relations Board is hereby GRANTED.